UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TORY D. ADKINS, ET AL. | CIVIL ACTION |
| v. | NO. 18-2482 |
| SCHLUMBERGER TECHNOLOGY CORPORATION | SECTION "F" |

ORDER AND REASONS

Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the noticed submission date. No memoranda in opposition to the defendant's motion for summary judgment, set for hearing on June 19, 2019, has been submitted.

Accordingly, because the motion is unopposed, and further, it appearing to the Court that the motion has merit,[1] IT IS ORDERED:

---

[1] Schlumberger Technology Corporation moves for summary judgment dismissing the plaintiffs' claims. In support of summary judgment, Schlumberger submits evidence that Tory Adkins was employed as a wireline operator and, during an offshore job in March 2017, he experienced numbness in his right arm while working on routine tasks. Adkins was later diagnosed with carpal tunnel syndrome and an elbow nerve injury. Adkins and his wife on behalf of their children filed this lawsuit seeking damages under the Jones Act and general maritime law. Adkins also filed a formal claim for benefits under the Longshore and Harbor Workers' Compensation Act.

"During the course of discovery," Schlumberger submits, "it was determined to the satisfaction of the parties that Adkins spent

1

that the defendant's motion for summary judgment is hereby GRANTED; the defendant is entitled to judgment as a matter of law, dismissing the plaintiffs' claims in this lawsuit for maintenance and cure, unseaworthiness, and Jones Act negligence.

New Orleans, Louisiana, June 18, 2019

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

less than 20% of his work time for Schlumberger on any one vessel or any identifiable group or fleet of vessels under common ownership or control, and, for that reason, was far short of the 30% threshold generally required for seaman status." See Chandris, Inc. v. Latsis, 515 U.S. 347, 371 (1995). Indeed, according to the summary judgment record, Akins admitted that less than 20% of his work days were spent working on a single vessel or on an identifiable group or fleet of vessels under common ownership or control. Because Adkins does not qualify as a seaman, his exclusive remedy against his employer is for worker's compensation benefits.